**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW GLUSHKO, | |
| Appellant | No. 1 EDA 2019 |

Appeal from the PCRA Order Entered November 30, 2018
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001053-2015

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JULY 26, 2019**

Appellant, Andrew Glushko, appeals *pro se* from the order denying, as untimely, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Appellant contends that the PCRA court erred when it denied his motion to amend his PCRA petition into either a *habeas corpus* or *coram nobis* petition.  Alternatively, Appellant petitions for a writ of *habeas corpus* to be issued directly from this Court.  After careful review, we affirm. Additionally, we deny Appellant's petition for a writ of *habeas corpus*.

"On July 15, 2009, a jury found Appellant guilty of multiple counts of unlawful contact with a minor, criminal attempt and criminal solicitation counts related to various sexual offenses, corruption of minors, and criminal use of a communication facility." ***Commonwealth v. Glushko***, No. 871 EDA 2013, unpublished memorandum at 1 (Pa. Super. filed April 28, 2014).  "On October

22, 2009, Appellant was sentenced to an aggregate term of 48 to 96 months' imprisonment. On March 14, 2011, this Court affirmed the judgment of sentence." *Id.* at 4. Appellant filed a timely, *pro se* PCRA petition, his first, on March 19, 2012, which was denied on March 1, 2013. *Id.* at 5. This Court affirmed that decision on April 28, 2014. *Id.* at 20. As a consequence of his conviction, Appellant was required to register as a sex offender for a period of 10 years. PCRA Court Opinion (PCO), 1/31/19, at 1.

In April of 2015, the Commonwealth charged Appellant with various failure to register offenses pursuant to SORNA.[1] On November 4, 2015, Appellant pled guilty to one count of failure to comply with registration requirements, 18 Pa.C.S. § 4915.1. Pursuant to that conviction, the trial court sentenced Appellant to 2-4 years' incarceration. Appellant did not file a direct appeal from his judgment of sentence.[2]

On March 19, 2018, Appellant filed the at-issue PCRA petition, in which he alleged that his current incarceration is illegal in light of *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), and *Commonwealth v. Rivera-*

---

[1] Sexual Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10-9799.41.

[2] Appellant did file an interlocutory appeal from an order entered in that matter, which this Court ultimately quashed. *See Commonwealth v. Glushko*, 170 A.3d 1209 (Pa. Super. 2017) (unpublished memorandum).

*Figueroa*, 174 A.3d 674 (Pa. Super. 2017).[3]  The PCRA court described the

subsequent procedural history of this case as follows:

> On March 21, 2018, [Appellant] was appointed counsel.  We then scheduled this matter for hearing *en banc* with other, similarly situated defendants[,] in light of new case law from the Pennsylvania Supreme Court on sexual offender registration requirements and new legislation regarding [SORNA].  The *en banc* hearing was convened on June 21, 2018, however, [Appellant] was not present and his [p]etition was not heard.  Rather, the hearing was continued to August 31, 2018.  On June 25, 2018, counsel for [Appellant] and the Commonwealth agreed that a hearing was unnecessary and the matter could be submitted on briefs.
>
> In his [m]otion to cancel the hearing, [Appellant] averred that "[o]n June 23, 2017, the Superior Court quashed [Appellant]'s direct appeal."  Def.'s Mot. to Cancel Hr'g and Decide Matter on Brs., 6/25/18, [at] 1.  Accordingly, [Appellant] represented that his present PCRA Petition was timely filed on March 19, 2018.  In his subsequent Motion to Amend, [Appellant] corrected his error:
>
>> Notwithstanding an incorrect statement in a prior motion by [Appellant] to cancel hearing and decide the matter on the briefs, it has come to counsel's attention that the ruling on appeal on June 23, 2017 was not actually a ruling on the direct appeal in the normal course of a criminal case, but was a ruling on a subsequent *pro se* appeal regarding a motion for return of property.  This raises the appearance of a jurisdictional time-bar under the PCRA.…  On February 22, 2016, the judgment became final for purposes of the [PCRA].

---

[3] In *Muniz*, our Supreme Court determined that SORNA's registration provisions were punitive and, therefore, that the retroactive application of those provisions violated the *ex post facto* clauses of the Federal and Pennsylvania constitutions.  In *Rivera-Figueroa*, this Court held that *Muniz* created a new substantive rule that retroactively applies in the collateral context and, thus, applies retroactively to a defendant who filed a PCRA petition challenging his convictions for failure to register as a sex offender and whose denial of PCRA relief was pending on appeal.

> Def.'s Mot. to Amend *Pro Se* Pet. to Seek Relief in *Habeas Corpus* and *Coram Nobis*, 7/16/18, ¶¶ 1-3, 6....
>
> Based on the foregoing, [Appellant] conceded that his PCRA [p]etition was untimely filed but ask[ed] this [c]ourt to nonetheless decide the merits of his claims under the legal precepts of a writ for *habeas corpus ad subjiciendum* and/or a writ of error *coram nobis*. The Commonwealth opposed [Appellant]'s [m]otion but concurred that the matter could still be decided on briefs and that no hearing was necessary. We took [Appellant]'s [m]otion under advisement and directed the parties to file briefs.

PCO at 2-3. The PCRA court denied Appellant's amendment(s) seeking consideration of his claim pursuant to *habeas corpus* and *coram nobis* theories, and denied his PCRA as untimely on November 30, 2018.

On December 17, 2018, Appellant filed a timely notice of appeal. That same day, his PCRA counsel filed a contemporaneous motion on his behalf indicating Appellant's desire to proceed *pro se* on appeal, and requesting a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). On December 21, 2018, Appellant filed a timely, counseled, court-ordered Pa.R.A.P. 1925(b) statement. The court held a **Grazier** hearing on January 10, 2019, immediately following which the PCRA court entered an order permitting Appellant to proceed *pro se*. Appellant then filed a *pro se* Rule 1925(b) statement that same day.[4] The PCRA court issued its Rule 1925(a) opinion on January 31, 2019.

Appellant now presents the following question for our review:

I.   Whether the common pleas court erred in finding that [Appellant]'s illegal sentence claim is cognizable under the

---

[4] Both Appellant's counseled and *pro se* Rule 1925(b) statements essentially raised the same claim.

- 4 -

> PCRA where [his] claim does not fall under any of the three categories of illegal sentence claims encompassed by the PCRA, discussed in *Com*[*monwealth*] *v. Rouse*, … 191 A.3d 1, 5-6 (Pa. Super. 2018)[?]

> II.  Whether the Superior Court of Pennsylvania should issue a writ of *habeas corpus* in this matter[?]

Appellant's Brief at 4.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal citations omitted).

In Appellant's first claim, he asserts that the PCRA court erred when it denied his motion to amend his PCRA petition to seek relief under *habeas corpus* or *coram nobis*. He concedes that his PCRA petition "was patently untimely[,]" but argues that his underlying claim is not cognizable under the PCRA and, therefore, that he may seek relief under those alternative mechanisms.

As our Supreme Court has explained,

> both the PCRA and the state *habeas corpus* statute contemplate that the PCRA subsumes the writ of *habeas corpus* in circumstances where the PCRA provides a remedy for the claim. *Commonwealth v. Peterkin*, 722 A.2d [638,] 640 [(Pa. 1998)].

- 5 -

> ***See also*** 42 Pa.C.S. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*."); 42 Pa.C.S. § 6503(b) ("[T]he writ of *habeas corpus* shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law.").

***Commonwealth v. Hackett***, 956 A.2d 978, 985–86 (Pa. 2008). In order to effectuate the intent of the legislature to subsume the remedies of *habeas corpus* and *coram nobis* into the PCRA, the Supreme Court "has broadly interpreted the PCRA eligibility requirements...." ***Id.*** at 986. However, our Supreme Court "has never held that *habeas corpus* cannot provide a separate remedy, in appropriate circumstances. Indeed, the boundaries of cognizable claims under the PCRA can only be extended so far as is consistent with the purposes of the statute...." ***Commonwealth v. Judge***, 916 A.2d 511, 520 (Pa. 2007) (holding, *inter alia*, that the appellant's claim under an international treaty was not cognizable under the PCRA and, therefore, could be raised in a petition for a writ of *habeas corpus*).

Appellant accurately describes the nature of his underlying claim as follows:

> In 2009, [Appellant] was convicted of sexual offenses in the Court of Common Pleas of Monroe County. As a result of his conviction, he was required to register under Megan's Law III, 42 Pa.C.S. § 9791-9799.9 (expired). Under Megan's Law III, [Appellant] was not required to register his phone numbers or Internet identifiers.

> On December 20, 2012, Megan's Law III was replaced by [SORNA]. Under SORNA, [Appellant] was retroactively required to comply with SORNA's provisions. These provisions required [him] to register his phone numbers and internet identifiers.

- 6 -

In 2014, [Appellant] used an alternate phone number and multiple internet identifiers that he failed to report to the Pennsylvania State Police. On April 2, 2015, he was arrested and charged under SORNA. On November 4, 2015, as part of a plea agreement, he pled guilty in the Court of Common Pleas of Monroe County to an amended Failure to Register charge, 18 Pa.C.S. § 4915.1(a.1)(1). On January 12, 2016, he was sentenced to 2 to 4 years['] incarceration and is currently serving this sentence. On February 20, 2016, his judgment of sentence became final.

One and a half years after [Appellant]'s judgment of sentence became final, the Supreme Court of Pennsylvania found SORNA's retroactive application to be unconstitutional. []*Muniz*, [*supra*].

Under *Muniz*, SORNA was never lawfully applicable to [Appellant] because his sexual offenses occurred prior to SORNA's enactment. As such, [Appellant]'s actions of not registering his alternate phone number and internet identifiers was not a crime. His conviction and sentence under SORNA was unlawful. *See, generally: Com*[*monwealth*] *v. Corliss*, 192 A.3d 256 (Pa. Super. 2018) [(unpublished memorandum)] (Pre-SORNA registrant could not be charged with failing to register a vehicle under SORNA.); *Com*[*monwealth*] *v. Williams*, 193 A.3d 1090 (Pa. Super. 2018) [(unpublished memorandum)] (Pre-SORNA registrant's failure was not a crime in light of *Muniz* so his sentence was illegal.).

Appellant's Brief at 11-12. Appellant is correct that, under *Muniz*, his sentence is illegal. The critical issue before us, however, is whether a *Muniz*-based illegal sentencing claim (hereinafter, "*Muniz* claim") is cognizable under the PCRA.

Appellant acknowledges that this Court has already provided relief for *Muniz* claims when raised in the context of a timely PCRA petition. *See id.* at 13. However, he argues that because the PCRA does not provide relief for untimely PCRA petitions raising similar *Muniz* claims, such claims are

ineligible for relief under the PCRA and, therefore, can be raised under the doctrine of *habeas corpus*. We disagree.

This issue was effectively decided in ***Commonwealth v. Greco***, 203 A.3d 1120 (Pa. Super. 2019). The ***Greco*** Court first determined that ***Muniz*** claims were cognizable under the PCRA:

> This Court has determined previously that a challenge to retroactive application of Megan's Law does not implicate "the statutory and rule-based requirements governing a PCRA petition." ***Commonwealth v. Bundy***, 96 A.3d 390, 394 (Pa. Super. 2014); *see also **Commonwealth v. Price***, 876 A.2d 988, 992 (Pa. Super. 2005) (stating that challenge to non-punitive, regulatory "registration, notification, and counseling requirements for offenders under Megan's Law" is not cognizable under the PCRA). Thus, this Court has in the past criticized the analysis of lower courts where they have denied petitions for relief from Megan's Law's registration requirements, on the basis that they were untimely PCRA petitions. *See, e.g., **Bundy***, 96 A.3d at 394 (rejecting the lower court's conclusion that the appellant's petition was untimely under the PCRA and addressing the merits of the appellant's claim); ***Commonwealth v. Partee***, 86 A.3d 245, 247 (Pa. Super. 2014) (rejecting the lower court's PCRA analysis).
>
> Recently, however, our Supreme Court determined that SORNA's registration provisions are punitive and that retroactive application of SORNA's registration provisions violates the federal and state *ex post facto* clauses. ***Muniz***, 164 A.3d at 1193. The punitive nature of these provisions implicates the legality of a sex offender's sentence. *See **Commonwealth v. Butler***, 173 A.3d 1212, 1215 (Pa. Super. 2017) (concluding that a challenge to an appellant's increased registration requirements under SORNA implicated the legality of the sentence imposed). Thus, claims challenging application of SORNA's registration provisions – unlike prior versions of Megan's Law – are properly considered under the PCRA. [***Commonwealth v.***] ***Murphy***, 180 A.3d [402,] 405-06 [(Pa. Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018)] (discussing the impact of ***Muniz*** on the timeliness of a petitioner's PCRA petition); ***Commonwealth v. Rivera-Figueroa***, 174 A.3d 674 (Pa. Super. 2017) (remanding for further proceedings to address the petitioner's timely PCRA claim in light of ***Muniz***).

- 8 -

*Greco*, 203 A.3d at 1123. Because *Muniz* claims are cognizable under the PCRA, the Court determined that Greco's motion for relief was "properly considered a PCRA petition." *Id.*

The Court then considered whether Greco could satisfy any of the timeliness exceptions the PCRA, and determined that he could not, based on this Court's prior ruling in *Murphy*. In *Murphy*, we reasoned that the appellant's

> reliance on *Muniz* cannot satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii). In *Commonwealth v. Abdul–Salaam*, 571 Pa. 219, 812 A.2d 497 (2002), our Supreme Court held that,
>
>> [s]ubsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.
>
> *Id.* at 501.
>
> Here, we acknowledge that this Court has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." []*Rivera–Figueroa*, 174 A.3d [at] 678[]. However, because [Murphy]'s PCRA petition is untimely (unlike the petition at issue in *Rivera–Figueroa*), he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii). *See Abdul–Salaam, supra*. Because at this time, no such holding has

been issued by our Supreme Court, [Murphy] cannot rely on **Muniz** to meet that timeliness exception.[1]

> [1] Certainly, if the Pennsylvania Supreme Court issues a decision holding that **Muniz** applies retroactively, [Murphy] can then file a PCRA petition, within 60 days of that decision, attempting to invoke the 'new retroactive right' exception of section 9545(b)(1)(iii).

**Murphy**, 180 A.3d at 405–06.

Appellant argues, however, that because his **Muniz** claim cannot be considered in light of the PCRA's time-bar, and because there was never a time when he could have filed a timely PCRA petition raising the claim, that the "claim is at the very heart of *habeas corpus* and should be reviewed as such." Appellant's Brief at 14. We disagree.

As this Court reiterated in **Greco**, "a petitioner may not mislabel his petition in an attempt to circumvent the PCRA's timeliness requirements." **Greco**, 203 A.3d at 1122–23 (citing **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013)). Appellant fails to cite any case that suggests that this rule does not apply when there was never an opportunity to raise a claim that came into existence due to new case law in a timely PCRA petition. As discussed below, none of the cases cited by Appellant stand for such a proposition; instead, they all involved issues that were categorically excepted from PCRA review, not claims that were barred solely by operation of the PCRA's timeliness requirements.

In **Rouse**, this Court held that a void-for-vagueness challenge to the sentencing statute under which the appellant was sentenced was not cognizable under the PCRA, relying on a prior decision, **Commonwealth v.**

*Lawrence*, 99 A.3d 116, 122 (Pa. Super. 2014), where this Court had determined that Lawrence's void-for-vagueness challenge was not an illegal-sentencing claim, after finding that that claim clearly did not implicate any of the other eligibility-for-relief provisions of the PCRA, 42 Pa.C.S. § 9543(a)(2)(i-viii).

In **Commonwealth v. West**, 938 A.2d 1034 (Pa. 2007), our Supreme Court was confronted with a unique circumstance where the trial court had failed to summon the defendant to serve his sentence for more than a decade after his conviction. **Id.** at 1037. As a result, the defendant had been deprived of any meaningful opportunity to challenge his conviction on appeal. The defendant filed a *habeas corpus* petition challenging his imprisonment. The Commonwealth claimed that the PCRA "was the sole means by which West could obtain relief" but that, if construed as a PCRA petition, West's *habeas corpus* petition was untimely. **Id.** at 1038. Our Supreme Court rejected that view, concluding that the underlying due process claim raised by West was not cognizable under the PCRA and, therefore, that he could challenge his delayed incarceration in a *habeas corpus* petition. **Id.** at 1044-45.

Finally, in **Judge**, our Supreme Court determined that a claim raised pursuant to the International Covenant for Civil and Political Rights was not cognizable under the PCRA. Thus, Judge "was entitled to raise his claim in a petition for writ of *habeas corpus*." **Judge**, 916 A.2d at 526. Notably, in none of the decisions did the Superior or Supreme Court suggest that the

untimeliness of a PCRA petition was a relevant consideration as to whether a claim was cognizable under the PCRA.

Thus, we are compelled to conclude that the PCRA court did not err when it denied Appellant's motion to convert his PCRA petition into a *habeas corpus* petition. As Appellant provides no argument as to why the court should have permitted him to convert his PCRA petition into a *coram nobis* petition, we deem that issue waived for our review. Furthermore, we deny Appellant's request for *habeas corpus* relief before this Court, as the PCRA is sole avenue for relief for **Muniz** claims.

Order **affirmed**.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/26/19